**STATE, Plaintiff-Appellee, v. GRUNDSTEIN, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County

No. 3500.    Decided March 23, 1943.

Ralph J. Bartlett, Prosecuting Attorney, Columbus, Forrest F. Smith, Asst. Prosecuting Attorney, Columbus, Vincent T. Martin, Asst. Prosecuting Attorney, Columbus, for the State.

Stanley B. Schwartz, Columbus, for Defendant-Appellant.

## OPINION

By BARNES, P.J.

The above-entitled cause is now being determined as an error proceeding by reason of defendant's appeal on questions of law from the judgment of the Court of Common Pleas of Franklin County, Ohio.

On March 25, 1942, the defendant, Seymour Grundstein, together with one Ray Jordan, were jointly indicted for receiving and concealing five automobile tires, tubes and wheels and one push-button auto radio, of the value of $125.00, being the personal property of Wayne Armstrong, then before stolen and the defendants then and there well knowing said personal property had been stolen as aforesaid.

Upon arraignment, Ray Jordan entered a plea of guilty and received a suspended sentence. Grundstein entered a plea of not guilty, thereafter was tried, the jury returning a verdict of guilty. Following the verdict of guilty, overruling of motion for new trial, and imposition of sentence, all necessary steps were taken through which the case was lodged in our court.

Counsel for appellant sets out eight separately stated and numbered assignments of error. In appellant's brief these assignments are reclassified under two headings, which we will take up in their order.

The first claimed error discussed is that the trial court abused its discretion in opening up the case and permitting the State to introduce additional testimony following the close of the evidence and the principal arguments of counsel for the State and the defendant.

After counsel for the defendant had closed his argument, counsel for the state interposed an oral motion that the case be opened up to permit the presentation of evidence as to the value of the stolen property claimed to have been unlawfully received and concealed by defendant. The State had overlooked presentation of evidence on this question of value.

Over the objection of counsel for defendant, the court permitted the case to be opened, with permission to introduce such additional testimony as the State might desire.

During the recess immediately preceding the State's motion, one member of the jury made inquiry of the court if any evidence had been introduced touching the details in the claimed transaction between Grundstein and the three or four

boys admittedly connected with the stealing of the automobile from which the property described in the indictment was taken. When the court reconvened following the recess, the court asked this juror to make a statement for the record as to the particular question she wished information upon. Following the statement of the juror, the trial court, without objection, caused the court reporter to read from the record the testimony introduced covering the particular question inquired about.

Following the order of the trial court to open up the case for additional testimony, it developed that the State did not have present the particular witnesses it desired to interrogate; whereupon the court excused the jury, after the usual caution, until the following morning.

Counsel for the defendant preserved his record by making objection to the court's order permitting the opening up of the case and the introduction of additional testimony. At the same time that the court announced its order for opening up, he made the statement that counsel for the defendant would have the privilege of introducing any evidence which he desired, touching the value of the property and, further, that counsel for defendant would have an opportunity to reargue the case, if it was so desired.

In the brief of counsel for defendant, extended statement is made in effect that at the recess preceding the motion to open up, defendant's counsel called the court's attention to the fact that there was a failure of proof upon the part of the State as to the value of the property described in the indictment; that thereafter the court conveyed this information to the Prosecuting Attorney, and by reason thereof the motion to open up followed. This is urged as an additional ground of misconduct of the trial court.

A complete answer to this claim is that the record does not contain any of these claimed facts, aside from the motion to open up and the court's order thereon.

In considering this claimed error, we can not go beyond the facts disclosed from the record.

In Ohio it is uniformly held that the question of opening up a case for the presentation of further testimony is always within the sound discretion of the trial court, and that such orders will not be considered erroneous unless under such circumstances as present the conclusion of abuse of discretion.

O Jur Vol 12, p 501, Sec 484; page 503, Sec 486;
Webb v State, 29 Oh St, 351;
Vecchio v State, 32 O. L. R., 553.

The latter case was decided by the Court of Appeals of Cuyahoga County. The opinion was delivered by Judge Sullivan. This particular question is discussed at page 555 of the opinion. The state of facts in the reported case was very similar to the instant case. In this Vecchio case, as in the instant case, both the Prosecuting Attorney and counsel for the defendant had completed their arguments when the motion to open up was made. The court held that the opening up was within the sound discretion of the court and determined that there was no abuse of discretion.

Counsel for the defendant cites the case of **In re Estate of Ruhl,** decided by our court February 13, 1941, and reported in **36 Ab, p 250.** At **page 253** of the opinion reference is made to an assignment of error from the fact that the trial court improperly opened the case and permitted the presentation of further testimony. After stating the general rule that this was clearly within the sound discretion of the trial court, we made the further observation that the rules would be different in a trial before a jury. The above pronouncement was proper under the facts in the reported case, but unfortunately we failed to state that the case had been fully submitted and taken by the court under advisement. Naturally such a situation could not occur in a jury trial, because the jury would have completed its deliberations and been discharged. The observation of counsel that the syllabus presents the law of the case is not correct as to cases reported in the Ohio Law Abstract. The syllabus is recognized as head notes prepared by the editorial staff. The court deciding the case never sees the prepared syllabus until the case is reported. Of course, the rule is different in reported decisions by the Supreme Court.

When the court reconvened the morning following the adjournment, counsel for the State introduced its evidence on the question of value of the property referred to in the indictment. Thus far we have no difficulty in determining that no error intervened by reason of the court's opening up for the introduction of further testimony as to value.

Thereafter, the State called another witness, being one of the boys implicated in the original theft of the automobile,

and interrogated him as to the details relative to the disposition of the tires, wheels and radio and the receiving of the money therefor from the defendant, Grundstein. This was cumulative of what had already been presented through the testimony of some of the other boys involved in the theft. In some details it was contradictory. Apparently the presentation of this evidence was prompted through the inquiry made by one of the jurors, as heretofore referred to. The introduction of this evidence went beyond the application of the Prosecuting Attorney to open up, but not beyond the general order of the court in permitting the case to be opened up. Counsel for defendant did not make any specific objection to the introduction of this testimony when it was offered, and we understand now relies entirely upon the general objections made at the time the court authorized the opening up. We think it was obligatory upon the part of counsel for the defendant to specifically object to the introduction of the evidence by this last witness when such evidence was proffered. If the record had been protected by a special objection, there would still remain the question as to whether or not there was an abuse of discretion by the trial court in permitting the introduction. This presents a much closer question.

The testimony of this witness was not omitted through any inadvertence or oversight. Its availability was at all times known to the Prosecuting Attorney and evidently was intended to be cumulative of the evidence already admitted in chief. As heretofore indicated, the inquiry of a member of the jury possibly had something to do with the prosecutor's resolve to present this evidence. However, considering the record as a whole, we are unable to determine that prejudicial error intervened by reason of this evidence.

Complaint is also made that the trial court in opening up the case and permitting the State to introduce additional testimony expressly limited the defendant in introducing testimony on the question of value. It is true that the trial court did so state at the time the case was opened up, but the defense was not in fact limited to testimony relative to values, and furthermore did interrogate witnesses on other questions than that of value. It does not appear from the record, nor does counsel claim in his brief, that they desired to introduce any further testimony. In the absence of an offer or an adverse ruling, we are unable to determine that any prejudical error intervened.

The only other claimed error discussed is that "the verdict is not sustained by sufficient evidence and is contrary to law".

Under this heading the first paragraph in the brief in general terms urges that the record is almost entirely void of anything to prove that a crime has been committed by the defendant; that the evidence relied upon comes out of the mouths of confessed criminals; that their statements are entirely conflicting as to what happened; that there is no evidence showing that the defendant had any contact with his employee in the CCC Highway establishment relative to the purchase of the tires or parts; or is there any evidence showing that the employee made the purchase at the direction of the defendant or that the employee knew that the articles purchased were stolen.

. The remaining argument stresses the insufficiency of the testimony of the witness called as to value. It is true that the witness made reference to the price list issued by the Office of Price Administration, which it is claimed did not go into effect until a later date. Unquestionably, the value was to be confined to market value. This witness did give testimony as to market value, although he was inclined to refer to values fixed by the Price Administration. We think there is sufficient in the record to warrant the findings of the jury on the question of value.

It is quite true that the incriminating evidence against the defendant was wholly that of the boys confessedly guilty of stealing the automobile and the accomplice jointly indicted with this defendant.

The trial court in his charge to the jury very properly advised that they should not convict upon the uncorroborated testimony of an accomplice.

We find no prejudicial error, and therefore the judgment of the trial court will be affirmed and the cause remanded for further proceedings according to law.

Costs in our court will be adjudged against the appellant to be collected by the trial court.

HORNBECK and GEIGER, JJ., concur.

No. 3500.    Decided April 9th, 1943.

## ON APPLICATION FOR REHEARING

Ralph J. Bartlett, Prosecuting Attorney, Columbus, for plaintiff-appellee.

Schwartz & Gurevitz, Columbus, for defendant-appellant.

By THE COURT:

The above entitled cause is now being determined on appellant's application for rehearing.

Memoranda appended thereto sets out the specific ground for the application.

Counsel is rearguing that there is not adequate evidence in the record on the question of the value of the property alleged to have been stolen.

We discussed this in our original opinion and do not think it necessary to reiterate what we have said there. The application for rehearing will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concurring.