CITY OF COLUMBUS, APPELLEE, *v.* GRANT, APPELLANT.

(Nos. 80AP-681 and 682—Decided February 12, 1981.)

*Mr. Gregory S. Lashutka,* city attorney, *Mr. Ronald J. O'Brien,* city prosecutor, and *Mr. David E. Tingley,* for appellee.

*Mr. Max Kravitz,* for appellant.

NORRIS, J. This matter is before us on defendant-appellant's appeal from convictions in the Franklin County Municipal Court on two separate misdemeanor charges. In case No. 80AP-682, following a trial to the court, defendant was convicted of "loitering" with purpose to solicit sexual activity. In case No. 80AP-681, after trial to a jury on July 24, 1980, she was convicted of solicitation of sexual activity. The two cases have been consolidated for our consideration.

The defendant's assignments of error are all directed at case No. 80AP-681 — no error is alleged in case No. 80AP-682. Accordingly, we are here concerned only with the former case.

At trial, the arresting vice-squad of-

ficer testified that, while on patrol in an area noted for high prostitution activity, he noticed a lady talking to a male through the window of his automobile. The officer said he was later approached by this same female, who asked him if he was "going out" or "dating," and then got into his car after his affirmative response. Then, according to his testimony, she asked him how much he had to spend, and when he told her an amount and asked her what he "could get" for it, she offered to perform a sexual act.

At the conclusion of cross-examination of this witness, the city rested; and, after a recess, the defense rested and then moved for a judgment of acquittal, arguing that the city had produced insufficient evidence to sustain a verdict of guilty because the city's sole witness had failed to specifically identify the defendant as the woman about whom he had testified.

The trial court, over defendant's objection, permitted the prosecution to reopen its case to allow the officer to make the identification. Defendant's counsel neither cross-examined the officer nor offered any testimony on behalf of his client. The court did not rule on defendant's motion for acquittal.

Defendant (Jackie M. Grant) raises three assignments of error in support of her appeal:

"1. The trial court erred in failing to sustain the appellant's motion for a judgment of acquittal pursuant to Criminal Rule 29(A) in that there was insufficient evidence in the record to sustain a verdict of guilty because there was no identification of the appellant as the person committing the offenses charged in the complaint at the time the motion was made.

"2. The trial court abused its discretion by allowing the city to reopen their case-in-chief at the close of all the evidence and the commencement of closing arguments.

"3. The trial court erred by refusing to rule on appellant's motion for acquittal at the close of the evidence and by permitting the city to reopen its case-in-chief in violation of appellant's Fifth and Fourteenth Amendment rights prohibiting being twice put in jeopardy."

The resolution of both assignments of error one and two turns on a determination of whether the trial court, under the circumstances of this case, abused its discretion in allowing the city to reopen its case.

Both parties cite our opinion in *State v. Grundstein* (1943), 46 Ohio Law Abs. 175, 69 N.E. 2d 418, as stating the general rule in Ohio that the question of opening up a case for the presentation of further testimony is within the sound discretion of the trial court, and the court's action in that regard will not be disturbed on appeal unless under the circumstances it amounted to an abuse of discretion.

While the city cites *Grundstein* with approval, the defendant argues that decisions handed down by federal courts during the years intervening since we decided *Grundstein* have thrown doubt on the continuing validity of our holding in that case.

A reading of defendant's authorities fails to reveal an instance where a federal court reversed a conviction on the basis of a trial court having permitted a case to be reopened under circumstances similar to those present in this case.

Actually, the circumstances in the *Grundstein* case presented us with a much more difficult question than do the facts of this case. In *Grundstein,* the trial court had permitted the prosecution to reopen its case following the close of the evidence and after counsel for both the state and the defense had made their principal arguments to the jury.

We believe that our holding in *Grundstein* is still the rule in this state, and that the trial court did not abuse its discretion in allowing the case to be reopened under the circumstances presented.

Defendant's first assignment of error is predicated upon the failure of the trial court to rule on her motion for a judgment of acquittal at the time it was offered: after the close of all the evidence and before the case was reopened for additional prosecution testimony.

Crim. R. 29 reads, in pertinent part, as follows:

"(A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. The court may not reserve ruling on a motion for judgment of acquittal made at the close of the state's case.

"(B) If a motion for a judgment of acquittal is made at the close of all the evidence, the court may reserve decision on the motion, submit the case to the jury and decide the motion either before the jury returns a verdict, or after it returns a verdict of guilty, or after it is discharged without having returned a verdict."

Under Crim. R. 29(B) the trial court was entitled to reserve decision on defendant's motion and therefore did not commit reversible error by failing to rule on the motion at the time it was offered. Although it was error for the court to fail to rule on the motion at one of the times specified in Crim. R. 29(B), the error was not prejudicial because the basis of defendant's motion was failure of the city to make proper identification of the defendant, and any deficiency in that regard was remedied when the case was properly reopened for further testimony.

If defendant is to prevail on her double jeopardy contention, she must first show that the case had been terminated by final judgment prior to the court's ruling which permitted the case to be reopened for additional prosecution testimony. Here, the court had not ruled on the defendant's motion for a judgment of acquittal at the time the prosecution was allowed to reopen its case, and, as we have observed, the trial court was not required to have ruled on that motion at that time. Accordingly, the case had not been terminated and the defendant was not twice placed in jeopardy.

The defendant's assignments of error are overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

WHITESIDE and REILLY, JJ., concur.