## State v. Smith
*[Cite as 2 AOA 4]*

*Case No. C-890073*
*Hamilton County, (1st)*
*Decided March 28, 1990*

*R.C. 2945.10*
*R.C. 4511.19*

*Arthur M. Ney, Jr., Prosecuting Attorney, and Philip R. Cummings, Esq., 420 Hamilton County Courthouse, Court and Main Streets, Cincinnati, Ohio 45202, for Plaintiff-Appellee,*

*Kennedy & Zugelter and David S. McCune, Esq., 792 Eastgate South Drive, Suite 450, Cincinnati, Ohio 45245, for Defendant-Appellant.*

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court, the transcript of the proceedings, the briefs and the arguments of counsel.

Defendant-appellant James Smith appeals from the judgment of the Hamilton County Municipal Court in which he was convicted of operating a motor vehicle while having a blood-alcohol content above that proscribed by R.C. 4511.19(A)(3). For the reasons that follow, we affirm the trial court's judgment.

The appellant was arrested on August 5, 1988, after a Springfield Township police officer observed him driving erratically. A B.A.C. Verifier breath test revealed his blood-alcohol content to be .166. On September 9, 1988, the appellant filed a motion to suppress the test result. In his accompanying memorandum, the appellant alleged a myriad of defects pertaining to the test, including an allegation that the test was not administered within the two-hour period provided by R.C. 4511.19 See *Newark v. Lucas* (1988), 40 Ohio St. 3d 100, 532 N.E.2d 130, paragraph one of the syllabus.

A hearing on the motion was held on October 5, 1988. During the hearing, on direct examination by appellant's counsel, the arresting officer stated that she could not recall at what time of the day the events leading up to and including the appellant's arrest occurred. The officer explained that she had forgotten to bring her notes concerning the matter to court. It was established that the breath test was administered to the appellant at 3:36 a.m. on August 5, 1988. No other evidence concerning the time of testing was adduced during the October 5, 1988, hearing.

At the conclusion of all the evidence the appellant moved to suppress the test results because the state failed to establish that the test had been administered to the appellant within the prescribed time. The state erroneously responded that the burden of proving that the test was administered outside the prescribed time limit was upon the appellant. See *Xenia v. Wallace* (1988), 37 Ohio St. 3d 216, 524 N.E.2d 889, paragraph two of the syllabus. Appellant's counsel then suggested that he would submit memoranda on the burden-of-proof issue. The trial court accepted counsel's offer and continued the matter for three weeks. During that hiatus, the appellant submitted a memorandum of law, but the state did not respond. See T.p. 39; T.d. 8.

On October 26, 1988, three weeks after the hearing of October 5, 1988, the following colloquy occurred before the trial court:

[Assistant Prosecuting Attorney]: Before you made your final ruling, I was going to ask the court, [appellant's counsel's] presence --
The court: I don't think he's going to come, but what we need to do is continue it, I guess.
[Assistant Prosecutor]: Yes.
The Court: Do you want to continue this?
[Assistant Prosecutor]: Yes, if we could.

The court: Tell him to be present. I will continue it for decision. T.p. 35-36.

Thereafter, an entry was placed of record on November 7, 1988, which reflected the following:

"The above captioned case is presently set for [a motion to suppress] hearing on 11-14-88 at 9:00 a.m. in Room 9 before [the trial court]. A continuance of this matter is requested for the following reason(s)[:] this matter was set for hearing without notice to attorney for Defendant and he will be on vacation at the time the hearing is presently scheduled." T.d. 9.

The entry bears the signature of the appellant's counsel.

For reasons not apparent in the record, the matter again came before the trial court on December 1, 1988, when the assistant prosecuting attorney orally moved to reopen his case. The motion was granted over the appellant's objection. Thereafter, the state elicited testimony from the arresting officer which, when considered in conjunction with the evidence adduced at the earlier hearing, established that the breath test was administered within the requisite two-hour period. At the conclusion of the evidentiary hearing, the trial court overruled the appellant's motion to suppress and the appellant entered a plea of no contest to the charge of violating R.C. 4511.19(A)(3). The court found the appellant guilty as charged and he was sentenced as it appears of record. From that judgment the appellant brings this timely appeal in which he urges the following single assignment of error:

"The trial court erred to the prejudice of defendant-appellant by allowing the state to reopen its case and to present additional evidence in response to defendant-appellant's motion to suppress after the evidentiary hearing had been concluded and after the defendant-appellant had presented a memorandum in support of [the] motion to suppress."

We are unpersuaded.

The crucial issue in this appeal is whether the trial court abused its discretion when it ruled that the state could reopen its case. It has been held many times that an abuse of discretion on the part of the court "connotes more than an error of law or judgment; it implies an unreasonable, arbitrary or unconscionable attitude * * *." *State v. Maurer* (1984), 15 Ohio St. 3d 239, 250, 473 N.E.2d 768, 782 (citations omitted). "[T]he question of opening up a case for the presentation of further testimony is within the sound discretion of the

trial court, and the court's action in that regard will not be disturbed on appeal unless under the circumstances it amounted to an abuse of discretion." *Columbus v. Grant* (1981), 1 Ohio App. 3d 96, 97, 439 N.E.2d 907, 909 (citing *State v. Grundstein* [1943], 46 Ohio Law Abs. 175, 69 N.E.2d 418).

In *Columbus v. Grant, supra,* the Court of Appeals of Franklin County held that the trial court had not abused its discretion when it permitted the state to reopen its case, after the close of all the evidence and the defendant's Crim. R. 29 motion for acquittal, in order to establish the defendant's identity as the perpetrator. *Id.* at 97, 439 N.E.2d at 908, 909. In *State v. Grundstein, supra,* it was held that it was not an abuse of discretion for the trial court to permit the prosecution to reopen its case, after the defendant had made closing arguments to the jury, in order to establish the element of value on a charge of receiving stolen property. *Id.* at 178, 69 N.E.2d at 420.

Comparing the above authorities to the cause *sub judice,* we cannot say, under the facts of this cause, that the trial court committed an abuse of discretion when it permitted the state to reopen its case concerning the appellant's motion to suppress. Accordingly, the single assignment of error is without merit, and the judgment of the trial court is affirmed.

*Judgment affrimed.*

DOAN, P. J., HILDEBRANDT and GORMAN, JJ.