The following appeal arises from the decision of the Columbiana County Court of Common Pleas in which Clifford Goodballet, appellant, was adjudicated a sexually oriented offender pursuant to R.C. Chapter 2950. For the reasons set forth below, the decision of the trial court is affirmed.
 I. FACTS
Appellant was indicted on December 17, 1992, and charged with involuntary manslaughter and tampering with evidence. On May 17, 1993, appellant appeared in court and entered guilty pleas to both counts of the indictment. As a result, appellant was sentenced to five to twenty-five years on the involuntary manslaughter charge and two years on the tampering with evidence charge. The sentences were to be served concurrently at the Lorain Correctional Institution.
On July 11, 1997, the Department of Rehabilitation and Correction at the London Correctional Institution notified the Columbiana County Court of Common Pleas of its recommendation that appellant be adjudicated a sexual predator in accordance with R.C. 2950.09(C). Therefore, the trial court issued a journal entry requiring appellant to appear on September 11, 1997, to determine whether he should be classified as a sexual predator. At appellant's request, the hearing was continued and held on October 2, 1997.
At the hearing, the state provided testimony and evidence which it felt supported a finding that appellant should be classified as a sexual predator. Appellant responded with various attacks upon the proceedings. First, appellant attacked the statute on constitutional grounds indicating that the statute should not be retroactively applied. The trial court overruled appellant's argument as it had previously held that the statute did not violate either the Ohio or United States Constitutions. Next, appellant argued that the proceedings were in violation of his due process rights as he allegedly had not received any notice explaining how he fell within the sexual predator statute. While the trial court overruled appellant's motion on these grounds in that notice of the hearing was provided, the trial judge did afford appellant the option of continuing the hearing in order to provide additional preparation time. Nonetheless, appellant chose to proceed with the hearing and forego any continuance. Finally, appellant argued that he should be granted permission to withdraw his original plea of guilty as it was not knowingly and intelligently made. Appellant alleged that he was not aware at the time of entering his plea that he may be subjected to the registration and notification requirements set forth in R.C. Chapter 2950. The trial judge overruled appellant's motion on this basis as well.
After the state had presented its case, the trial court continued the hearing for approximately thirty days to give counsel for both sides additional time to prepare. The trial court indicated that it had been treating the initial hearings regarding sexual predator determinations as pre-hearing conferences and established a second date for a "full-blown" hearing.
On February 13, 1998, the trial court conducted the "full-blown" hearing regarding the sexual predator determination. At the beginning of the hearing, appellant made another motion to dismiss. The basis for dismissal proposed by appellant was that there was inadequate support for the recommendation made by the Department of Rehabilitation and Correction. While the Sexual Predator Screening Instrument indicated that it derived its opinion to label appellant a sexual predator from information in a pre-sentence investigation report, no such report had ever been prepared. As such, appellant argued that there was not a proper basis for conducting further hearings on the matter. However, appellant's motion was overruled and the trial court proceeded with the hearing.
During the state's presentation, the prosecutor made the recommendation that appellant be labeled a sexually oriented offender. Appellant objected on the basis that the court was restricted under these circumstances to either label appellant a sexual predator or find that such a label was inappropriate. The trial court took the matter under advisement. On February 25, 1998, the trial court filed its judgment entry finding that appellant was not a sexual predator but was a sexually oriented offender. The court further ordered appellant to comply with the registration requirements set forth in R.C. Chapter 2950 in accordance with his status as a sexually oriented offender. Appellant filed a timely notice of appeal from this decision on March 23, 1998.
Appellant raises five assignments of error on appeal.
 II. ASSIGNMENT OF ERROR NO. ONE
Appellant's first assignment of error reads:
 "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HE WAS ADMINISTRATIVELY DETERMINED TO BE CONSIDERED AS A SEXUAL PREDATOR."
In appellant's first assignment of error, appellant argues that he was denied due process because the London Correctional Facility allegedly failed to follow R.C. 2950.09(C)(1)'s procedure for requesting a hearing to adjudicate his status as a sexual predator. Although R.C. 2950.09(C)(1) requires the Department of Rehabilitation and Correction to consider the factors set forth in 2950.09(B)(2) before requesting a hearing, appellant contends that none of the factors could have been considered as the London Correctional Facility merely indicated that its recommendation was based upon a pre-sentence investigation report. However, in that no pre-sentence investigation report was ever conducted, appellant argues that there was no basis for administratively determining that he be recommended for labeling as a sexual predator.
 A. APPLICABLE LAW
The procedure utilized when referring an incarcerated individual for sexual predator determination is established under R.C. 2950.09(C)(1) which states:
 "If a person was convicted of or pleaded guilty to a sexually oriented offense prior to the effective date of this section, if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. In making a determination under this division * * * the department shall consider all relevant factors, including, but not limited to, all of the factors specified in division (B)(2) of this section. If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and * * * the court shall proceed in accordance with division (C)(2) of this section."
Additionally, R.C. 2950.09(C)(2) outlines the procedures to be followed by the trial court in the event the Department of Rehabilitation and Correction makes a recommendation for labeling of a prisoner as a sexual predator. This section states in relevant part:
 "If, pursuant to (C)(1) of this section, the department of rehabiitation [sic] and correction sends to a court a recommendation that an offender who has been convicted of or pleaded guilty to a sexually oriented offense be adjudicated as a sexual predator, the court is not bound by the department's recommendation and the court may conduct a hearing to determine whether the offender is a sexual predator. The court may deny the recommendation and determine that the offender is not a sexual predator without a hearing but shall not make a determination that the offender is a sexual predator in any case without a hearing. If the court determines without a hearing that the offender is not a sexual predator, it shall include its determination in the offender's institutional record. * * *"
 B. ANALYSIS
In the case sub judice, a Sexual Predator Screening Instrument was attached to the Department of Rehabilitation and Correction's recommendation to label appellant a sexual predator. The screening instrument went through each factor listed in R.C. 2950.09(B)(2) and indicated which factors applied to appellant. Additionally, various comments were added to the form specifying how certain factors were relevant to appellant's case. While the screening instrument indicated that the information was gathered from a pre-sentence investigation report, it was discovered during the October 2, 1997 proceedings, that no such report had ever been completed. (Tr. at 10).
Although the Department of Rehabilitation and Correction erroneously reported that it obtained its information from a pre-sentence investigation report, it is plausible that the information could have been obtained from the initial sentencing hearing, from grand jury testimony, etc. All that is required by R.C. 2950.09(C)(1) is that the department "consider all relevant factors" including those listed under R.C.2950.09(B)(2). Regardless of where the information was derived, the instrument did in fact identify and consider all factors listed under R.C. 2950.09(B)(2). Such factors identified in the report included information that: appellant and the victim had been consuming alcohol at the time of the offense, (B)(2)(e); appellant was engaged in bondage type activities during the offense, (B)(2)(h); and appellant had severely beaten and abused the victim, (B)(2)(i). Consequently, the Department of Rehabilitation and Correction did consider the factors listed in R.C. 2950.09(B)(2) although it incorrectly identified the source of the information.
Moreover, the Department of Rehabilitation and Correction's recommendation is not binding on the trial court. R.C. 2950.09
(C)(2). The trial court can, and in fact did, hold a hearing to determine whether the offender is a sexual predator. The trial court may also determine that the offender does not qualify as a sexual predator without holding a hearing. The Department of Rehabilitation and Correction's recommendation is not a final determination and as such has no bearing upon any of appellant's fundamental rights. It is difficult to comprehend how such a recommendation can deprive appellant of due process when the recommendation is not final. Furthermore, while the Screening Instrument erroneously stated where the information relied upon was derived, it did follow the statutory dictates by addressing all of the factors itemized in R.C.2950.09(B)(2). Additionally, there has been no indication that the information contained withing the Screening Instrument as related to the statutory factors was inaccurate. Having followed the procedure as outlined in the statute, it cannot be held that appellant was deprived of due process.
Appellant's first assignment of error is without merit.
 III. ASSIGNMENT OF ERROR NO. TWO
Appellant's second assignment of error reads:
 "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN AFTER HE WAS FOUND NOT TO BE A SEXUAL PREDATOR HE WAS DETERMINED TO BE A SEXUALLY ORIENTED OFFENDER."
Appellant argues that pursuant to R.C. 2950.09(C)(2), the trial court was limited to determining whether he was a sexual predator at the hearings held pursuant to the Department of Rehabilitation and Correction's recommendation. Appellant contends that the statutory provisions do not grant authority to further determine whether he is a sexually oriented offender once it has been determined that he does not qualify as a sexual predator. By proceeding to a determination of whether appellant was a sexually oriented offender, it is alleged that the trial court violated appellant's due process rights.
 A. APPLICABLE LAW
As discussed under appellant's first assignment of error, R.C. 2950.09(C)(1) and (2) set forth the procedure to be followed when conducting a sexual predator determination hearing on an individual who was sentenced prior to the effective date of Ohio's sexual predator law but who remains incarcerated after said date. In addition to sections (C)(1) and (2) under R.C. 2950.09, sections (B)(1), (2) and (3) establish the procedure to be followed when conducting a sexual predator determination hearing on an individual sentenced after the effective date of the statute. R.C. 2950.09(B)(3) states in relevant part:
 "After reviewing all testimony and evidence presented at the hearing conducted under division (B)(1) of this section and the factors specified in division (B)(2) of this section, the judge shall determine by clear and convincing evidence whether the offender is a sexual predator. If the judge determines that the offender is not a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is not a sexual predator. If the judge determines by clear and convincing evidence that the offender is a sexual predator, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a sexual predator and shall specify that the determination was pursuant to division (B) of this section. * * *"
The above noted language is identical to that which is contained in section (C)(2) of the same section of the statute. As was the case with section (C)(2) of R.C. 2950.09, no reference is made to labeling an individual a sexual oriented offender or to establishing registration requirements. While R.C. Chapter 2950 as a whole does not define "sexually oriented offender" or delineate the steps to be taken to label an offender as such, R.C. 2950.07 does indicate the durational requirements for registration as to each classification of offender under the statute. R.C. 2950.07 states in relevant part:
 "(B)(1) Except as otherwise provided in this division, if the offender has been adjudicated as being a sexual predator relative to the sexually oriented offense, the offender's duty to comply with those sections continues until the offender's death.
* * *
 (2) If the judge who sentenced the offender for the sexually oriented offense determined pursuant to division (E) of section 2950.09 of the Revised Code that the offender is a habitual sexual offender, the offender's duty to comply with those sections continues for twenty years.
* * *
 (3) If neither division (B)(1) nor (B)(2) of this section applies, the offender's duty to comply with those sections continues for ten years." (Emphasis added.)
R.C. 2950.04 provides further guidance as to when the requirement that an offender register attaches:
 "(A) Each offender who is convicted of or pleads guilty to, or has been convicted of or pleaded guilty to, a sexually oriented offense and who is described in division (A)(1), (2), or (3) of this section shall register at the following time and with the following official:
 (1) Regardless of when the sexually oriented offense was committed, if the offender is sentenced for the sexually oriented offense to a prison term, a term of imprisonment, or any other type of confinement and if, on or after the effective date of this section, the offender is released in any manner from the prison term, term of imprisonment, or confinement, within seven days of the offender's coming into any county in which the offender resides or temporarily is domiciled for more than seven days, the offender shall register with the sheriff of that county." (Emphasis added.)
 B. ANALYSIS
While a literal reading of R.C. 2950.09(C) limits the trial court in a sexual predator hearing to a determination of whether or not a defendant is a sexual predator, other statutory sections apply to the defendant as related to the registration requirements. The sexual predator hearing, which is provided for in both R.C. 2950.09(B) and (C) depending on when the offender was sentenced, merely provides the court with the opportunity to consider the relevant statutory factors in making the determination whether to adjudicate an offender a predator. Other classifications apply by operation of law to trigger the registration provisions. For instance, under R.C.2950.04(A)(1) regardless of when the sexually oriented offense occurred, if the offender is released after July 1, 1997, he is statutorily required to register. The duration of such registration is determined by consulting R.C. 2950.07. Therefore, even though appellant was not adjudicated a sexual predator, he will have to register upon his release. In that appellant committed a sexually oriented offense as defined by the statute, the registration requirements attach by operation of law.
If appellant's line of reasoning were followed, it would render R.C. 2950.07(B)(3) inapplicable in all situations. As previously mentioned, neither R.C. 2950.09(B) or (C) make any reference to proceedings which may be conducted after a final determination on the sexual predator classification has been made. As such, under appellant's argument any time a trial judge holds a sexual predator determination hearing and finds the offender does not qualify as a sexual predator, the offender will avoid all registration requirements. A reading of R.C. 2950.07(B)(3) reveals that this is clearly not what the legislature intended. The statute unequivocally states that if an offender fails to qualify as a sexual predator or habitual sexual offender but has committed a sexually oriented offense, he still must register for a period of ten years. Additionally, this requirement attaches "regardless of when the sexually oriented offense was committed." Therefore, a trial court is well within its discretion to order an offender to register pursuant to R.C. 2950.07(B)(3) whenever it is determined that the individual has committed a sexually oriented offense but does not qualify as a sexual predator.
In addition to ordering appellant to comply with the statutory registration requirements, the trial court found that appellant is a "sexually oriented offender." Said finding was made due to the fact that while appellant was not a sexual predator, he nonetheless did commit a sexually oriented offense and was required to register. A review of R.C. Chapter 2950 fails to reveal a definition of the term "sexually oriented offender." Similarly, no authority can be found which permits a trial judge to make such a finding.
This situation has been addressed by the First Appellate District in State v. Sturgeon (Nov. 13, 1998), Hamilton App. No. C-970751, unreported. In Sturgeon, the court found that while the statute did not create a separate classification labeled "sexually oriented offender", the use of this term was merely a shorthand way of referring to someone who had committed a sexually-oriented offense. Id. at 4. This court adopts the position and finds that while "sexually oriented offender" is not a separate classification and does not require adjudication, it may nonetheless be utilized to refer to those individuals that are not classified as sexual predators or habitual sexual offenders but who must register due to a conviction of a sexually oriented offense. A trial court adds nothing by classifying a defendant as such and the offender is not prejudiced as the individual has in fact committed a sexually oriented offense as defined by statute.
Appellant's second assignment of error is without merit.
 IV. ASSIGNMENT OF ERROR NO. THREE
Appellant's third assignment of error reads:
 "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REFUSED TO ALLOW DEFENDANT TO WITHDRAW HIS PLEA OF GUILTY."
It is appellant's contention that the trial court erred when it denied his motion to withdraw his plea of guilty as related to the underlying charges of involuntary manslaughter and tampering with evidence. The basis for this proposition is that at the time of plea and sentencing, appellant was not fully advised of the additional burdens that may be placed upon him in the way of registration. Appellant alleges that he was not advised that his plea would subject him to the "draconian reporting requirements" set forth in R.C. Chapter 2950 for sexually oriented offenders. In that these additional burdens were not brought to his attention, appellant argues that his plea was not knowingly, intelligently and voluntarily entered in this case.
 A. APPLICABLE LAW
A court may set aside a judgment of conviction and permit a defendant to withdraw a guilty plea after imposition of sentence only to correct a manifest injustice. Crim.R. 32.1;State v. Smith (1977), 49 Ohio St.2d 261, 264. Under this standard, a post-sentence withdrawal motion is cognizable only in extraordinary cases. Id. The burden of establishing the existence of a manifest injustice is upon the individual seeking vacation of the plea. Id. A reviewing court shall not overturn the decision of the trial court on such matters absent a showing of an abuse of discretion. Id.
Furthermore, as found in State v. Cook (1998), 83 Ohio St.3d 404, "a later enactment will not burden or attach a new disability to a past transaction or consideration in the constitutional sense, unless the past transaction or consideration * * * created at least a reasonable expectation of finality." Id. at 412, citing State ex rel. Matz v. Brown
(1988), 37 Ohio St.3d 279, 281. Past felonious conduct is not such a transaction which gives rise to a reasonable expectation of finality. Id. at 281, 282. As such, a felon has no right to assume at the time of a plea hearing that his conduct will not be the target of future legislation. Id. To permit such would be paramount to granting felons immunity from all future remedial laws which relate to their past conduct.
 B. ANALYSIS
In the case sub judice, appellant has not demonstrated that he has suffered a manifest injustice. In fact, appellant would be hard pressed to show that he suffered any injustice despite his contention that the reporting requirements of R.C. Chapter 2950 are "draconian." As will be discussed under appellant's fourth assignment of error, the Ohio Supreme Court has determined that the application of R.C. Chapter 2950's registration and notification requirements is not punitive but rather remedial in nature. Cook, supra at 420. Additionally, it was held that the statute's provisions imposed "no new affirmative disability or restraint" upon those who were ordered to comply with it. Id. at 418. In light of this recent decision by the Ohio Supreme Court, appellant's assertions as to the harshness of the statute's reporting provisions are simply unfounded. As such, appellant is unable to demonstrate that the range of his punishment or sentence was altered by the application of R.C. Chapter 2950 in the subsequent hearings.
Absent any additional punishment or disability, appellant is unable to argue that he had agreed to an unforeseen penalty at the time he pled guilty. Essentially, the provisions of appellant's plea agreement as entered in 1993 are unchanged. Therefore, no injustice can be shown to have been suffered. Moreover, as explained in Matz, supra, felons have no reasonable expectation of finality as related to the application of recently enacted remedial legislation to past plea agreements. Therefore, the trial court did not exceed its authority when it decided not to grant appellant's motion to withdraw his prior guilty plea.
Appellant's third assignment of error is without merit.
 V. ASSIGNMENT OF ERROR NO. FOUR
Appellant's fourth assignment of error reads:
 "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN HIS RIGHT NOT TO BE SUBJECTED TO DOUBLE JEOPARDY WAS VIOLATED WHEN THE COURT REFUSED TO DISMISS THE PROCEEDINGS AFTER THE OCTOBER 2, 1997 HEARING."
Appellant next alleges that his right not to be subjected to double jeopardy was violated when the trial court allowed the state to present additional evidence at a subsequent hearing after continuing the October 2, 1997 hearing. It is appellant's belief that since the state had failed to provide sufficient evidence at the original hearing on October 2, 1997, the matter should have been dismissed rather than continued. By continuing the matter and holding a second hearing, appellant contends he was subjected to multiple trials on the same criminal matter.
 A. APPLICABLE LAW
Under Section 10, Article I, of the Ohio Constitution, "[n]o person shall be twice put in jeopardy for the same offense." Similarly, the Fifth Amendment to the United States Constitution provides that no "person [shall] be subject for the same offense to be twice put in jeopardy of life or limb."
In its decision in Hudson v. United States (1997), ___ U.S. ___, 118 S.Ct. 488, 139 L.Ed.2d 450, the United States Supreme Court pronounced:
 "[T]he Double Jeopardy Clause does not prohibit the imposition of any additional sanction that could, 'in common parlance', be described as punishment. * * * The Clause protects only against the imposition of multiple criminal punishments for the same offense, * * * and then only when such occurs in successive proceedings * * *." Id. at 493.
 B. ANALYSIS
Appellant's argument is fatally flawed for two reasons. First, the two hearings as related to the sexual predator determination cannot be considered as successive proceedings for Double Jeopardy purposes. The second hearing on February 13, 1998, was merely a continuation of the initial hearing rather than a separate proceeding. This is evidenced by the trial judge's opening statements at the second hearing indicating that he had continued the original hearing on October 2, 1997. Furthermore, the trial court did not terminate the original hearing by a final judgment. A defendant cannot prevail on a Double Jeopardy claim when he cannot show the case had been terminated by a final judgment prior to the court permitting the case to be reopened for additional prosecution testimony. City of Columbus v. Grant (1981), 1 Ohio App.3d 96,98.
Assuming arguendo that the two hearings were separate, successive proceedings, appellant's argument would still fail as the sexual predator determination hearings are not criminal proceedings. In its recent analysis of R.C. Chapter 2950 inState v. Cook (1998), 83 Ohio St.3d 404, the Ohio Supreme Court analyzed both the legislative intent behind the statute and the effect the statute had when it was actually applied. In the court's opinion, the dictates of R.C. Chapter 2950 do not seek vengeance or retribution but rather are remedial in nature. Id. at 420. Therefore, the Court concluded that the statute "clearly is not punitive" in nature. Id. at 417. In that the statute is not punitive, the criminal punishment element of the Double Jeopardy analysis is absent. As such, the Double Jeopardy Clause is not applicable and appellant's fourth assignment of error must be held to lack merit.
 VI. ASSIGNMENT OF ERROR NO. FIVE
Appellant's fifth assignment of error reads:
 "DEFENDANT WAS DENIED DUE PROCESS OF LAW WHEN THE COURT REFUSED TO DISMISS THE PROCEEDINGS AS BEING UNCONSTITUTIONAL."
In appellant's final assignment of error, it is argued that R.C. Chapter 2950 is unconstitutional as it applies to offenses committed prior to the effective date of the statute. Appellant's sole support for this proposition is the decision of the Franklin County Court of Common Pleas in State v.Chappell (March 20, 1997), Case No. 86CR-318, which ruled that the application of R.C. Chapter 2950 to crimes committed prior to the effective date of the statute violated the Retroactivity Clause of the Ohio Constitution and the Ex Post Facto Clause of the United States Constitution.
This court would first note that the Franklin County Court of Common Pleas' decision in Chappell was overruled by the Tenth District Court of Appeals in State v. Chappell (Feb. 24, 1998), Franklin App. Nos. 97APA04-543 and 97APA05-636, unreported. In its decision, which was released some six weeks prior to the filing of appellant's brief, the Tenth District found that R.C. Chapter 2950 was constitutional as applied to crimes committed prior to the effective date of the statute. Additionally, the Ohio Supreme Court has had the opportunity to review and address the constitutionality of the statute as related to retroactivity and ex post facto challenges. In State v.Cook (1998), 83 Ohio St.3d 404, the Court determined that R.C. Chapter 2950 did not violate the Retroactivity Clause of the Ohio Constitution nor did it violate the Ex Post Facto Clause of the United States Constitution. Based on this holding, appellant's fifth assignment of error is without merit.
For the foregoing reasons, the decision of the trial court is hereby affirmed.
Cox, P.J., dissents, see dissenting opinion.
Donofrio, J., concurs.
APPROVED:
 ------------------------- JOSEPH J. VUKOVICH, JUDGE