Defendant-appellant, Dierre Maurice Peterson, appeals his conviction in the Butler County Court of Common Pleas for trafficking in cocaine, a violation of R.C. 2925.03(A). We affirm.
On August 5, 1997, Officer Kara Williams of the Hamilton Police Department was assigned to work as an undercover officer to buy crack cocaine in Hamilton, Butler County, Ohio. On that day, at about 4:30 p.m., her unmarked vehicle was approached by appellant at the corner of Front and Chestnut Streets, within one thousand feet of St. Joseph's School. Appellant offered to sell Officer Williams two pieces of a substance appearing to be crack cocaine for $40. When appellant placed the substance in Officer Williams' hand, Kenwayne McCullough approached the vehicle, also offering to sell cocaine. Appellant and McCullough began a heated discussion about whose cocaine was better, after which Officer Williams returned the substance to appellant, indicating that she believed that McCullough's product appeared to be of better quality. Surveillance of Officer Williams' operations was maintained by Sergeant Michael Lease, and the entire transaction with appellant and McCullough was recorded on both audiotape and videotape.
Officer Williams initially identified appellant as a black male wearing a goatee and his hair braided into corn rows, wearing a football jersey, and riding a bicycle. Officer Richard Heidorn, also on duty on August 5, 1997, was given a physical description of appellant shortly after the transaction and drove to the location of the attempted sale, where he saw appellant on the street. Appellant fit the description given by Officer Williams. Officer Heidorn also observed McCullough on the street. After making these observations, Officer Heidorn watched the videotape, identifying appellant.
Appellant was also identified by Officers Wade McQueen and Joseph Thompson, who viewed the videotape of the attempted sale. Both officers had been in prior contact with appellant.
On May 13, 1998, the Butler County Grand Jury returned an indictment against appellant for trafficking in cocaine, and a warrant for appellant's arrest was issued. The prosecutor had delayed charging appellant so as to not jeopardize ongoing undercover operations and agents. Appellant was soon arrested.
At trial, both Officer McQueen and Officer Thompson testified that when appellant was arrested, his hair was braided in corn rows. After the prosecution had rested, appellant made a motion for the state to produce a photograph of appellant taken at the time of his arrest. The state had not earlier disclosed this photograph, which showed appellant's hair as not being braided in corn rows.
The following day, the state moved to reopen its case to present further evidence. The court granted the motion, allowing the state to recall Officers McQueen and Thompson to acknowledge that they were mistaken in their original testimony as to appellant's hairstyle when he was arrested. The officers identified a photograph of appellant found in police files which showed appellant as having his hair in corn rows. This photograph was taken within one month of the attempted drug sale.
After deliberations, the jury returned a verdict finding appellant guilty of the trafficking charge. Appellant was sentenced to fifteen months imprisonment. Appellant appeals, raising a single assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT ALLOWED THE STATE TO REOPEN ITS CASE AFTER IT HAD RESTED.
Appellant contends that the trial court abused its discretion in allowing the state to reopen its case to present evidence clarifying earlier testimony by the state's witnesses. Appellant asserts that the evidence was introduced to bolster the identification of appellant, and that this procedure unfairly prejudiced appellant. Appellant argues that the earlier, incorrect description of appellant at the time of his arrest put the police officer's testimony and identification of appellant in serious doubt.
R.C. 2945.10 grants the trial court broad powers over the order of proceedings at trial:
 (C) The state must first produce its evidence and the defendant shall then produce his evience.
 (D) The state will then be confined to rebutting evidence, but the court, for good reason, in furtherance of justice, may permit evidence to be offered by either side out of its order.
It is well-established that the trial court, in maintaining reasonable control over the mode and presentation of evidence, has wide discretion to permit evidence to be offered out of order.State v. Bayless (1976), 48 Ohio St.2d 73, paragraph three of the syllabus, vacated on other grounds (1978), 438 U.S. 911,98 S.Ct. 3135. This includes the decision to allow a party to reopen its case to present additional proof. Columbus v. Grant (1981),1 Ohio App.3d 96, 97. Thus, a decision by the trial court to allow a party to reopen its case to offer additional evidence will be reversed only upon a showing of an abuse of discretion. Id.
Courts have held that a trial court does not abuse its discretion in allowing the state to reopen its case, even after a defendant's Crim.R. 29 motion for acquittal, in order for a witness to establish the defendant's identity as the perpetrator,id. at 97, to clarify earlier testimony concerning an element of the crime charged, State v. Pertee (Nov. 22, 1995), Wayne App. No. 95CA0033, unreported, or to clarify an earlier aspect of the witness' testimony. Holland v. Warnock (Mar. 6, 1998), Lucas App. No. L-97-1066, unreported, appeal dismissed, 82 Ohio St.3d 1444. In State v. Crothers (Dec. 26, 1989), Clinton App. No. CA89-06-007, unreported, this court held that the trial court may permit the state to reopen its case after a defendant's Crim.R. 29 motion in order to allow a witness to correct his erroneous testimony concerning the date on which the offense occurred.
In the present case, it cannot be said that the trial court erred in allowing the state to reopen its case to recall the officers to clarify their testimony. The defense had yet to present any evidence, and the purpose of the officers being recalled as witnesses was to correct their earlier mistaken testimony. See Crothers and Pertee, supra.
Therefore, we find that the trial court did not abuse its discretion in granting the state's motion to reopen its case. Accordingly, appellant's assignment of error is overruled.
Judgment affirmed.
YOUNG and VALEN, JJ., concur.