[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Following a jury trial, defendant-appellant Deris A. Wells was convicted of two counts of felonious assault in violation of R.C.2903.11(A)(1) and (A)(2). In his appeal, Wells raises two assignments of error: (1) his convictions were based upon insufficient evidence and were against the manifest weight of the evidence; and (2) the trial court erred by allowing the state to reopen its case after the state had rested. We find no merit in the assignments of error.
In his first assignment of error, Wells challenges the weight and sufficiency of the evidence supporting his convictions. We have reviewed the entire record, weighed the evidence and all reasonable inferences, considered the credibility of the witnesses, and have determined that the trier of fact did not clearly lose its way and create a miscarriage of justice in resolving the conflicts in the evidence. See State v.Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541, 546. Furthermore, after viewing all of the evidence in the light most favorable to the prosecution, we are not persuaded that no rational trier of fact could have found the essential elements of the crimes proven beyond a reasonable doubt. See State v. Thompkins, supra; State v. Jenks
(1991), 61 Ohio ST.3d 259, 574 N.E.2d 492, paragraph two of syllabus. We overrule Wells's first assignment of error.
In his second assignment of error, Wells claims that the trial court erred by allowing the state to reopen its case in order to present the testimony of a witness that had been "rediscovered" by the state. "[T]he question of opening up a case for the presentation of further testimony is within the sound discretion of the trial court, and the court's action in that regard will not be disturbed on appeal unless under the circumstances it amounted to an abuse of discretion." See State v. Smith
(1990), Hamilton App. No. C-890073, unreported, citing Columbus v. Grant
(1981), 1 Ohio App.3d 96, 97, 439 N.E.2d 907, 909.
In this case, the record revealed that the state's witness had recently been arrested in Columbus, Ohio on an outstanding capias and was jailed there before being transferred to the Hamilton County Justice Center. The witness confirmed that, although he had been transferred to the local justice center at some point during Wells's trial, his attempts to contact the prosecutor to make her aware of his arrival in Cincinnati had been delayed. We cannot say that, under the facts of this case, the trial court abused its discretion when it permitted the state to reopen its case to present the witness's testimony. Wells's second assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Sundermann and Winkler, JJ.