OPINION
On January 24, 2001, Ohio State Highway Patrol Trooper Brian Darby stopped appellant, Sergey Yevtukh, a commercial truck driver, for speeding in violation of R.C. 4511.21. Trooper Darby cited appellant for driving sixty-eight m.p.h. in a fifty-five m.p.h. zone. Appellant was also cited for a seat belt violation.
A bench trial was held on June 21, 2001. At the conclusion of the state's case, appellant moved for acquittal pursuant to Crim.R. 29 based upon the state's failure to identify the type of speed measuring device used and offer expert testimony regarding its dependability and construction. The trial court permitted the state to reopen its case and present additional testimony. The trial court found appellant guilty and ordered him to pay a total fine of $130.00 and court costs.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY PERMITTING THE PROSECUTION TO REOPEN ITS CASE AND RECALL A WITNESS TO ADDUCE CRITICALLY IMPORTANT NEW
EVIDENCE.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY TAKING JUDICIAL NOTICE OF THE LTI 20/20 SPEED-MEASURING DEVICE.
 III. ASSUMING THE EVIDENCE BASED ON THE SPEED-MEASURING DEVICE WAS NOT ADMISSIBLE, THE EVIDENCE WAS OTHERWISE INSUFFICIENT TO PROVE ALL ELEMENTS OF THE STATE'S CASE.
 I
Appellant claims the trial court erred in permitting the state to reopen its case after a motion for acquittal had been made. Specifically, appellant claims the trial court abused its discretion in permitting the state to recall Trooper Darby and identify the laser device. We disagree.
The question of opening up a case for the presentation of further testimony is within the sound discretion of the trial court. City ofColumbus v. Grant (1981), 1 Ohio App.3d 96. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
A review of the record establishes the state asked Trooper Darby on direct examination how he was trained in the "laser" device, and offered State's Exhibit 1, a photostatic copy of his certification. T. at 3-6. Trooper Darby testified to the calibration of the device and what speed the device read when aimed at appellant's vehicle. T. at 9-11, 14. No objection was made to the speed clocked by the laser device (sixty-eight m.p.h.). T. at 14.
Evid.R. 103 governs rulings on evidence. Subsection (A)(1) states the following:
 Effect of erroneous ruling Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and
 Objection. In case the ruling is one admitting evidence, a timely objection or motion to strike appears of record stating the specific ground of objection, if the specific ground was not apparent from the context; * * *
No objection was made on the record and the admission of the laser device reading did not affect a substantive right. The making of a Crim.R. 29 motion for acquittal in lieu of timely objecting is not sufficient to perfect the error for appeal. The technique employed subjudice was a bushwhack on the state's case. If a timely objection had been made, there would have been no need to reopen the case and recall the witness.
Further, State's Exhibit 1, Trooper Darby's certificate, identified the laser device used. No objection was made to its admission. Appellant in his motion to the trial court conceded the laser is identified in said exhibit. T. at 31.
Upon review, we find the trial court did not abuse its discretion in permitting the state to reopen its case.
Assignment of Error I is denied.[1]
 II, III
Based upon our ruling supra, we do not need to address these assignments of error. App.R. 12(A)(1)(c).
The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Ashland County, Ohio is affirmed.
By Farmer, J. Hoffman, P.J. and Boggins, J. concur.
[1] In order to clarify the record in this assignment of error, appellant claims the trial court erred in taking judicial notice at the end of the case. Pursuant to Evid.R. 201(F), judicial notice "may be taken at any stage of the proceeding."