JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
On July 11, 2003, Amanda Campbell was stopped by the police for speeding. Campbell was subsequently arrested for driving under the influence. She consented to take an intoxilizer test, which recorded a reading of .131 grams of alcohol per 210 liters of her breath. Campbell was charged with speeding in violation of Cincinnati Municipal Code 506-8 and with driving under the influence in violation of R.C. 4511.19(A)(1) and (3).
Campbell filed a suppression motion that raised a number of issues, including the admissibility of results of a horizontal gaze nystagmus test and the breath test. The trial court granted the motion as to those tests.
In its first assignment of error, the state asserts that the trial court erred in granting Campbell's motion to suppress the breath-test results.[1] The basis of the trial court's decision was that the state had not presented evidence of the existence or the location of the written procedure manual for performing breath tests, as required by Ohio Adm. Code 3701-53-01(B).
In addition to raising various constitutional and factual issues, Campbell's shotgun-style motion to suppress challenged the state's compliance with every requirement of the Ohio Department of Health relating to blood-alcohol breath testing. In order to shift the burden to the state to show substantial compliance with a Department of Health requirement, a defendant must raise with specificity the manner in which the state has allegedly failed to comply.[2] Campbell's motion to suppress did contain language stating that the state had to show that "the specified manual for the breath testing device [was] on file in a specified location." But the motion also contained language challenging every conceivable action by the police officers and compliance with all regulations of the Department of Health. We note that before hearing a motion to suppress, a trial court might require some showing that there is reason to believe that there was non-compliance with a particular regulation and proceed only on those matters. But in this case, the court did not do so. The specificity requirement was met, and the burden to show compliance shifted to the state.
The state concedes that the record does not contain any evidence of the location of the manual, but it argues that this did not constitute a lack of substantial compliance.
The state's argument that the presence or absence of the procedural manual in or near the testing place would not affect the outcome of a breath test does make sense. But as we recently noted in State v.Douglas,[3] the language of the regulation regarding the manual is mandatory. Ohio Adm. Code 3701-53-01(B) provides that "[a]t least one copy of the written procedure manual * * * for performing blood, urine, or other bodily substance tests shall be on file in the area where the analytical tests are performed." (Emphasis added.) Nothing in the record indicates that the manual was on file in the area as required. In Statev. Burnside, the Ohio Supreme Court rejected the argument that where the state fails to establish substantial compliance, the results should be admitted when the defendant is unable to show prejudice.[4] Evidence of lack of prejudice becomes relevant only after the state has shown substantial compliance with the regulations.[5] Here, as in Douglas, we must conclude that there was no showing of substantial compliance — or any compliance — with the regulation governing the testing manual. The first assignment of error is overruled.
In its second assignment of error, the state claims that the trial court abused its discretion in not allowing it to reopen its case to present testimony about the existence and location of the testing manual. A decision by a trial court to vary the order of the proceedings is within its sound discretion.[6] A decision to allow the state to reopen is also within the court's discretion.[7] Since testimony about the manual's location was apparently inadvertently omitted by the state, the trial court certainly would not have abused its discretion if it had reopened the case to allow that testimony. In fact, that would have been the better practice. But we cannot conclude that the court abused its discretion in refusing the state's request. The second assignment of error is without merit.
The judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Sundermann, JJ.
[1] The state does not challenge the suppression of the results of the nystagamus test.
[2] State v. Lipsky, 1st Dist. No. C-010473, 2002-Ohio-1141.
[3] 1st Dist. No. C-030897, 2004-Ohio-5726.
[4] 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, at ¶ 36.
[5] Id.
[6] State v. Jenkins (1984), 15 Ohio St.3d 164, 473 N.E.2d 264, paragraph eleven of the syllabus.
[7] Columbus v. Grant (1981), 1 Ohio App.3d 96, 439 N.E. 907.