DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Jackson County Municipal Court judgment of conviction and sentence. After a no contest plea, the court found Jason M. Horner, defendant below and appellant herein, guilty of operating a motor vehicle in violation of R.C. 4511.19(B)(2). The following error is assigned for our review:
 {¶ 2} "The trial court erred to the prejudice of the defendant-appellant and abused its discretion when it allowed the state to introduce the calibration solution certificate after it had failed to do so at the suppression hearing and had closed its presentation of evidence."
 {¶ 3} A brief summary of the facts pertinent to this appeal is as follows. On November 10, 2000, Trooper Gregory Hurd of the Ohio State Highway Patrol observed appellant fail to stop for a stop sign on County Road 68. The officer stopped appellant and detected an odor of alcohol. Trooper Hurd asked appellant to exit his car and to perform several field sobriety tests. The officer then arrested appellant, transported him to the Jackson Highway Patrol Post and administered a BAC Datamaster (breath) test. Appellant tested a .068 and was charged with various offenses including driving underage with a prohibited concentration of alcohol on his breath in violation of R.C. 4511.19(B)(2).
 {¶ 4} Appellant filed a motion to suppress evidence and asserted no fewer than twelve reasons why his breath test results, field sobriety test results, comments to law enforcement officers and their observations of him should be excluded from evidence. A hearing was held and the trial court eventually denied the motion. Appellant thereafter pled no contest and, on March 2, 2001, the court entered judgment and found him guilty.
 {¶ 5} This Court reversed that conviction in State v. Horner
(Dec. 6, 2001), Jackson App. No. 01CA6, and remanded the case to the trial court for further proceedings on the limited issue of whether the calibration solution for the BAC Datamaster was used within its manufacturer's expiration date. A status conference was held on January 8, 2002, at which time appellant requested an evidentiary hearing on that issue. A hearing was scheduled for January 28, 2002, but the prosecution could not produce any evidence to show an expiration date for the calibration solution. The court continued the matter until March 4, 2002 at which time the prosecution produced a certified copy of a "batch solution certificate" from the Ohio Department of Health. This certificate apparently showed that the calibration solution was used within its expiration date. The court then entered judgment on March 14, 2002 and reaffirmed both its prior ruling on the motion to suppress evidence as well as appellant's conviction. This appeal followed.
 {¶ 6} In this appeal appellant does not challenge either the import or the validity of the certified batch solution certificate admitted into evidence during the trial court proceeding. Rather, he argues that the trial court erred by allowing the prosecution to "reopen" its case and present that evidence at the March 4, 2002 hearing. Appellant claims this action impermissibly gave the prosecution "four bites at the apple" to present evidence and to satisfy its burden of proof. We are not persuaded.
 {¶ 7} On January 28, the trial court conducted an evidentiary hearing. The court continued the matter at the prosecution's request to March 4. Thus, the central issue is whether the trial court erred by granting a continuance. We answer that question in the negative.[1]
 {¶ 8} The decision to grant or to deny a continuance rests with the sound discretion of the trial court. State v. Mason (1998),82 Ohio St.3d 144, 155, 694 N.E.2d 932; State v. Claytor (1991),61 Ohio St.3d 234, 241, 574 N.E.2d 472; State v. Unger (1981),67 Ohio St.2d 65, 423 N.E.2d 1078, at the syllabus. The trial court's decision will not be reversed on appeal absent an abuse of that discretion. State v. Bomar (Oct. 23, 2000), Scioto App. No. 00CA2703;State v. Meredith (Jun. 22, 2000), Lawrence App. No. 99CA2. An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. State v.Herring (2002), 94 Ohio St.3d 246, 255, 762 N.E.2d 940; State v. Clark
(1994), 71 Ohio St.3d 466, 470, 644 N.E.2d 331; State v. Adams (1980),60 Ohio St.2d 151, 157, 404 N.E.2d 144. An abuse of discretion means that the result is so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but, instead, passion or bias. Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. Further, appellate courts are cautioned that they should not substitute their own judgment on matters entrusted to the trial court. State ex rel. Duncan v. ChippewaTwp. Trustees (1995), 73 Ohio St.3d 728, 732, 654 N.E.2d 1254; In re JaneDoe 1 (1991). 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181; Berk v.Matthews (1990), 53 Ohio St.3d 161, 169, 559 N.E.2d 1301.
 {¶ 9} In the case sub judice, we note that the trial court issued one continuance after our remand. This decision continued the matter for five weeks. Furthermore, the January 28, 2002 hearing transcript suggests that the difficulty in getting this evidence was not because the prosecution was dilatory. We also fail to see how appellant was prejudiced in this case by waiting from January 28 until March 4. While we agree with his overall commentary that the prosecution should not be allowed to return over and over again to present evidence "until it gets it right," a single continuance of short duration provided the prosecution additional time to retrieve evidence which was apparently hard to obtain. We find no suggestion by appellant that this delay prevented him from producing evidence of his own to refute the certificate or that it otherwise put him in a worse position than he would have occupied had the evidence been available for the January 28th hearing.
 {¶ 10} For the reasons stated above, we find no merit in appellant's assignment of error and it is accordingly overruled. Accordingly, we hereby affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of the proceedings in that court. The stay as herein continued will terminate at the expiration of the sixty day period.
The stay will also terminate if appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to the expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment Opinion.
Evans, P.J.: Concurs in Judgment Only.
[1] We parenthetically note that our result would have been the same if we analyzed this matter on the basis of whether the court erred by allowing the prosecution to "reopen" its case. As appellant correctly notes in his brief, this is an issue that rests in the sound discretion of the trial court and will not be disturbed on appeal absent a showing of an abuse of discretion. Columbus v. Grant (1981), 1 Ohio App.3d 96,97, 439 N.E.2d 907. Just as we find, infra, that no abuse of discretion occurred by granting a continuance, so too would we find that no abuse of discretion occurred by allowing the prosecution to reopen its case and introduce the certified batch solution certificate.