OPINION
{¶ 1} Defendant-appellant appeals his conviction and sentence on two counts of Sexual Battery, in violation of R.C. § 2907.03
entered by the Tuscarawas County Court of Common Pleas, following a trial by jury.
 {¶ 2} Plaintiff-Appellant is the State of Ohio.
STATEMENT OF THE FACTS AND CASE
 {¶ 3} On May 14, 2001, the Tuscarawas County Grand Jury indicted Defendant-Appellant Lee Nusser on two counts of Sexual Battery in violation of R.C. § 2907.03(A)(9), third degree felonies.
 {¶ 4} More specifically, Appellant was charged with engaging in sexual conduct with a fourteen year old girl on two separate dates, while he was the girl's tennis instructor.
 {¶ 5} This matter proceeded to jury trial on March 19, 2002.
 {¶ 6} The following evidence was adduced at trial:
 {¶ 7} The victim testified that she and Appellant had a secret code whereby they would exchange notes with numbers in place of words. (T. at 289-324). She also testified that in August, 1999, she traveled to Cincinnati for a tennis tournament and that Appellant furnished her and another girl with alcohol, with the evening resulting in the victim ending up naked in bed with Appellant. (T. at 291-292). She further testified the she had sexual intercourse with Appellant on July 26, 1999, in his apartment and again on September 11, 1999, in his car.
 {¶ 8} At the close of the State's evidence, but prior to the State formally resting before the jury, Appellant moved for dismissal of both counts on the basis that the State had failed to put forth evidence of penetration. In response, the State moved to reopen its case to recall the victim for the limited purpose of clarifying that when she said "sexual intercourse" she meant penetration had occurred. The trial court allowed the State to recall the victim for such limited examination and denied Appellant's motion for acquittal.
 {¶ 9} On March 26, 2002, the jury returned a verdict of guilty on both counts.
 {¶ 10} On May 1, 2002, the trial court sentenced Appellant to serve three years in prison on each count, with said sentences to run concurrently.
 {¶ 11} It is from this conviction and sentence Appellant appeals, raising the following errors for review:
ASSIGNMENTS OF ERROR
 {¶ 12} "I. THE TRIAL COURT WAS WITHOUT AUTHORITY, TO RESERVE RULING ON DEFENDANT-APPELLANT'S MOTION FOR ACQUITTAL AFTER THE STATE RESTED. IT WAS AN ABUSE OF DISCRETION FOR THE LOWER COURT TO PERMIT THE STATE TO REOPEN ITS CASE IN RESPONSE TO DEFENDANT-APPELLANT'S MOTION, AND THEN, TO DENY DEFENDANT-APPELLANT'S MOTION WHEN THE STATE FAILED TO ESTABLISH AN ESSENTIAL ELEMENT OF SEXUAL BATTERY, BEYOND A REASONABLE DOUBT."
 {¶ 13} "II. THE TRIAL COURT ERRED IN DENYING DEFENDANT-APPELLANT'S MOTION IN LIMINE AND/OR TO SUPPRESS AND ALLOWING THE PROSECUTION TO PRESENT CERTAIN DOCUMENTARY EVIDENCE AT TRIAL."
 {¶ 14} "III. THE DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL."
 I. {¶ 15} In his first assignment of error, Appellant claims that the trial court erred when it deferred ruling on his Crim.R. 29 motion, when it allowed the State of Ohio to reopen its case to allow additional testimony by the victim, and when it denied the Crim.R. 29 motion. We disagree.
 {¶ 16} Appellant contends that the trial court deferred ruling on such motion in contravention of Crim.R. 29 and erroneously allowed the State to reopen its case to allow further testimony on the element of penetration.
 {¶ 17} Upon review of the transcript, we find that the trial court did not defer its ruling on appellant's motion for acquittal but did in fact deny same:
 {¶ 18} Mr. DeLaCruz: " I do want to indicate or reiterate to the Court that under Rule 29, that I renew the motion and would add additionally that by allowing this person to testify at this point and time, the Court is in affect reserving its ruling on the motion in violation of 29(A). I make that comment at this time.
 {¶ 19} The Court: "Okay. Well, the distinction that I'm making here and first of all, I guess I can overrule the motion officially and allow you to remake your motion at the close of her — at the close of the state's case. My interpretation was that since the state has not officially closed before the jury, that the request was made which I think is a reasonable request to recall the witness for that limited purpose. But the motion would be premature since the state's case is not closed. I mean, I'm going to allow you to either remake the motion after her testimony or —
 {¶ 20} "
 {¶ 21} The Court: "-and if it makes a difference to you, Mr. DeLaCruz, whether I call that a deferral until the close of the state's case or a denial and allow you to re-ask it, I'm not sure that it's a distinction that effects the case. I mean, are you asking that I officially deny it and allow you to remake your motion?
 {¶ 22} Mr. DeLaCruz: "I'll make the motion then." (T. at 379-381).
 {¶ 23} We further find no error in the trial court allowing the State to reopen its case. The question of opening up a case for the presentation of further testimony is within the sound discretion of the trial court. Columbus v. Grant (1981), 1 Ohio App.3d 96.
 {¶ 24} In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217.
 {¶ 25} At the time the State moved to reopen its case it had not yet rested before the jury and the defense had not yet presented its case. Furthermore, the Court limited the reopening to the presentation of proof of penetration, an essential element of its case.
 {¶ 26} We find that the court's decision to reopen was not an abuse of discretion
 {¶ 27} Appellant's first assignment of error is denied.
 II. {¶ 28} In his second assignment of error, appellant contends the trial court erred in denying his motion in limine as to the admission of certain evidence at trial. The evidence at issue is a poem written to the victim by the Appellant. Appellant submits this evidence was not relevant and that the admission of such evidence prejudiced him.
 {¶ 29} Under Evid.R. 401, evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
 {¶ 30} Evidence that supports the State's explanation of the events is clearly relevant.
 {¶ 31} The admission or exclusion of relevant evidence rests within the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, paragraph two of the syllabus. Therefore, we will not disturb a trial court's evidentiary ruling unless we find the trial court abused its discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980),62 Ohio St.2d 151, 157.
 {¶ 32} Having found such evidence to be relevant, we do not find the State's admission of such to be an abuse of discretion.
 {¶ 33} Appellant second assignment of error is overruled.
 III. {¶ 34} In his third and last assignment of error, Appellant argues that he was denied his right to effective assistance of counsel. We disagree.
 {¶ 35} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry in whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. Lockhart v. Fretwell (1993), 506 U.S. 364,113 S.Ct. 838, 122 L.Ed.2d 180; Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674; State v. Bradley (1989),42 Ohio St.3d 136.
 {¶ 36} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Bradley, 42 Ohio St.3d at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. Id.
 {¶ 37} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Bradley, supra at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Id. It is with this framework in mind that we address the instances of alleged ineffectiveness of counsel raised by appellant in the instant case.
 {¶ 38} We will first address appellant's claim that trial counsel was ineffective when he failed to elicit more testimony about Appellant's character from Heather Cochran, Appellant's former fiancée, and when he failed to move for a continuance or move for an order to compel the testimony of Ed Marsh, a friend of the Appellant.
 {¶ 39} Trial counsel's decision to limit his questioning of Ms. Cochran and to not move for a continuance to allow for the testimony of Mr. Marsh could very well have been trial strategy. Trial strategy or tactical decisions cannot form the basis for a claim of ineffective assistance of counsel. State v. Clayton (1980), 62 Ohio St.2d 45.
 {¶ 40} Additionally, we fail to find that the outcome of the trial would have been different even if Ms. Cochran had testified as to Appellant's character and Mr. Marsh had testified that he noticed nothing inappropriate in the relationship between Appellant and the victim. Numerous witnesses testified as to Appellant's character and the failure to view any improper conduct between Appellant and the victim.
 {¶ 41} Appellant's third assignment of error is denied.
 {¶ 42} The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By: Boggins, J. Wise, J. concurs.