[Cite as *In re S.D.S.*, 2023-Ohio-3273.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MIAMI COUNTY

IN THE MATTER OF S.D.S.

:
:
:
:    C.A. No. 2023-CA-13
:
:    Trial Court Case No. 22320015
:
:    (Appeal from Common Pleas Court-
:    Juvenile Division)
:
:

. . . . . . . . . . .

O P I N I O N

Rendered on September 15, 2023

. . . . . . . . . . .

JEFFREY R. MCQUISTON, Attorney for Appellant, S.D.S.

JESSICA A. EICHENLAUB, Attorney for Appellee, State of Ohio

. . . . . . . . . . . .

TUCKER, J.

{¶ 1} S.D.S., a minor, appeals from a judgment of the Miami County Court of Common Pleas, Juvenile Division, which adjudicating him to be a delinquent child and committed him to the Department of Youth Services. For the reasons set forth below, we affirm.

## I. Facts and Procedural Background

{¶ 2} On the night of January 16, 2023, M.C.[1] was at the home of his friend S.D.S. when an altercation occurred between them. The boys were in S.D.S.'s bedroom when S.D.S. shot M.C. in the face with an "orbeez" toy gun which, according to the record, shoots gel capsules. M.C. then kicked S.D.S., who stumbled backward and collided with his desk, causing his gaming console to fall onto the floor. At that point, the boys began yelling at each other. M.C. exited the bedroom and went into the living room, where the boys' friend Austin Witten was seated. S.D.S. exited the bedroom with a toy gun in his hand and continued to yell at M.C. He then returned to his bedroom and yelled that he was going to shoot M.C. As M.C. and S.D.S. continued to yell at each other, Witten, M.C., and S.D.S.'s mother gathered in the hallway outside of S.D.S.'s bedroom. S.D.S. returned to the hallway brandishing a handgun. S.D.S.'s mother intervened, pushed his arm and the gun downward, and pushed S.D.S. back into his bedroom. She also told S.D.S. to put the gun down. As S.D.S. made a few attempts to get past his mother, he re-entered the hall and pointed the gun toward M.C. At that point, M.C. and Witten left the house.

{¶ 3} Following an investigation, S.D.S. was charged by complaint with one count of felonious assault (deadly weapon) with a one-year firearm specification and one count of aggravated menacing. An amended complaint was subsequently filed raising the firearm specification from one to three years. An adjudication hearing was conducted on

---

[1] Because M.C. was a minor at the time of the adjudication, he will be referred to by his initials.

February 7 and 10, 2023. The State and S.D.S. filed closing argument briefs on February 15, 2023. On February 22, 2023, the juvenile court entered an order finding S.D.S. had committed acts which, were he an adult, would constitute the charged offenses. The matter was set for a dispositional hearing.

{¶ 4} Prior to the dispositional hearing, S.D.S. filed a motion for a new trial; he asserted that he had found a videotape which constituted newly discovered evidence. Alternatively, he requested to reopen the evidence to introduce the video. The State opposed both requests.

{¶ 5} A hearing on the motion was conducted on April 7, 2023. Thereafter, the court denied the motion, concluding the videotape could have been discovered prior to trial and that its contents would not change the outcome of the hearing. On April 28, 2023, the court filed a final judgment and disposition committing S.D.S. to the Ohio Department of Youth Services.

{¶ 6} S.D.S. appeals.

## II. Sufficiency and Manifest Weight of the Evidence

{¶ 7} The first and second assignments of error asserted by S.D.S. are:

THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF FELONIOUS ASSAULT IN THAT THERE WAS

INSUFFICIENT EVIDENCE THAT APPELLANT CAUSED OR ATTEMPTED TO CAUSE PHYSICAL HARM TO ANOTHER AS REQUIRED BY R.C. 2903.11(A)(2).

THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY FINDING HIM GUILTY OF FELONIOUS ASSAULT IN THAT SUCH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 8} Under these assignments of error, S.D.S. contends that his adjudication for felonious assault was not supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.

{¶ 9} "A sufficiency of the evidence argument disputes whether the State has presented adequate evidence on each element of the offense to * * * sustain the verdict as a matter of law." *State v. Wilson*, 2d Dist. Montgomery No. 22581, 2009-Ohio-525, ¶ 10, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "When reviewing a claim as to sufficiency of evidence, the relevant inquiry is whether any rational factfinder viewing the evidence in a light most favorable to the state could have found the essential elements of the crime proven beyond a reasonable doubt." (Citations omitted.) *State v. Dennis*, 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997). A judgment (or adjudication) "will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." (Citations omitted.) *Id.*

{¶ 10} In contrast, "[a] weight of the evidence argument challenges the believability

of the evidence and asks which of the competing inferences suggested by the evidence is more believable or persuasive." (Citation omitted.) *Wilson* at ¶ 12. When evaluating whether a conviction is against the manifest weight of the evidence, the appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the [adjudication] must be reversed and a new trial ordered." *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 11} Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a judgment or adjudication is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McCrary*, 10th Dist. Franklin No. 10AP-881, 2011-Ohio-3161, ¶ 11. *Accord State v. Winbush*, 2017-Ohio-696, 85 N.E.3d 501, ¶ 58 (2d Dist.). As a result, a determination that an adjudication is supported by the weight of the evidence will also be dispositive of sufficiency. *State v. Farra*, 2d Dist. Montgomery No. 28950, 2022-Ohio-1421, ¶ 50.

{¶ 12} Importantly, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses, given that the trier of fact sees and hears the witnesses at trial. *State v. Lawson*, 2d Dist. Montgomery No. 16288, 1997 WL 476684, *4 (Aug. 22, 1997). Therefore, "[t]he credibility of the witnesses and the weight to be given to their testimony are matters for the trier of fac[t] to resolve." *State v. Hammad*, 2d Dist. Montgomery No. 26057, 2014-Ohio-3638, ¶ 13, citing *State v. DeHass*,

10 Ohio St.2d 230, 231, 227 N.E.2d 212 (1967). "This court will not substitute its judgment for that of the trier of fac[t] on the issue of witness credibility unless it is patently apparent that the factfinder lost its way." (Citation omitted.) *State v. Bradley*, 2d Dist. Champaign No. 1997-CA-03, 1997 WL 691510, *4 (Oct. 24, 1997).

{¶ 13} S.D.S. was adjudicated delinquent by reason of committing an offense which, had he been an adult, would have constituted the offense of felonious assault with a deadly weapon. R.C. 2903.11(A)(2), which proscribes this offense, states that a person commits felonious assault when he or she knowingly causes or attempts to cause physical harm to another by means of a deadly weapon. "A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist. When knowledge of the existence of a particular fact is an element of an offense, such knowledge is established if a person subjectively believes that there is a high probability of its existence and fails to make inquiry or acts with a conscious purpose to avoid learning the fact." R.C. 2901.22(B).

{¶ 14} S.D.S. asserts he used a toy gun when he was arguing with M.C. and that the State did not present evidence demonstrating otherwise. He further asserts that, even if the gun was not a toy, the State failed to demonstrate that he had attempted to cause harm to M.C.

{¶ 15} The record establishes that S.D.S. initially emerged from his bedroom brandishing a toy gun. However, the record also establishes that S.D.S. returned to his

bedroom and then re-emerged in possession of a Glock handgun. While S.D.S. asserts that the second gun was also a toy, M.C. and Witten testified otherwise. Both testified that they were familiar with the Glock handgun S.D.S. kept in his bedroom and that S.D.S. also had hollow-point ammunition for the Glock in his bedroom. M.C. and Witten further testified they had heard S.D.S. "rack" ammunition into the Glock. Finally, M.C. and Witten testified that S.D.S. had pointed the loaded Glock at M.C.

{¶ 16} "A trier of fact is free to believe all, part or none of the testimony of each witness." (Citations omitted.) *State v. Hartman*, 2016-Ohio-2883, 64 N.E.3d 519, ¶ 42 (2d Dist.). We cannot conclude that the juvenile court, as the trier of fact, lost its way in crediting the testimony of M.C. and Witten over that of S.D.S. regarding whether S.D.S. had brandished a real gun.

{¶ 17} We next turn to the claim that the State did not present evidence demonstrating that S.D.S. had knowingly attempted to harm M.C. As S.D.S. correctly notes, the Ohio Supreme Court has held that the mere act of pointing a gun at someone, "without additional evidence regarding the actor's intention," is not sufficient to support a conviction for felonious assault. *State v. Brooks*, 44 Ohio St.3d 185, 192, 542 N.E.2d 636 (1989). However, "[t]he act of pointing a deadly weapon at another coupled with a threat, which indicates an intention to use such weapon, is sufficient evidence to convict a defendant of the offense of 'felonious assault.' " *State v. Green*, 58 Ohio St.3d 239, 569 N.E.2d 1038 (1991), syllabus.

{¶ 18} There was competent, credible testimony that S.D.S. kept a handgun and ammunition in his bedroom and that he had loaded the handgun. There was also

competent, credible evidence that S.D.S. issued an unconditional threat to shoot M.C. and that he pointed the loaded handgun at M.C., and that these events occurred simultaneously.

{¶ 19} The evidence, when viewed in a light most favorable to the State, was sufficient to permit a rational trier of fact to find all of the elements of felonious assault beyond a reasonable doubt, including that S.D.S. had attempted to cause physical harm to M.C. by means of a deadly weapon. Further, we cannot conclude that the court lost its way in chosing to believe the State's version of events. The court found the testimony of M.C. and Witten credible, and we discern no basis for concluding otherwise.

{¶ 20} Accordingly, the first and second assignments of error are overruled.

### III. Motion For a New Trial

{¶ 21} S.D.S.'s third assignment of error states:

THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DENYING APPELLANT'S MOTION FOR NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE.

{¶ 22} Whether to allow the re-opening of a case for the presentation of further evidence or to grant a motion for a new trial are issues left to the sound discretion of the trial court, and the court's decision will not be disturbed on appeal unless it constitutes an abuse of discretion. *City of Columbus v. Grant*, 1 Ohio App.3d 96, 97, 439 N.E.2d 907 (10th Dist.1981), citing *State v. Grundstein*, 46 Ohio Law Abs. 175, 69 N.E.2d 418 (1943); *State v. Pelfrey*, 2022-Ohio-721, 186 N.E.3d 261, ¶ 32 (2d Dist.). The term "abuse of

discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *State v. Beavers*, 2d Dist. Montgomery No. 22588, 2009-Ohio-5604, ¶ 23. quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980)

**{¶ 23}** As noted above, the juvenile court reviewed the videotape that S.D.S. claimed to have found after the hearing; it concluded that the video supported the testimony of both M.C. and Witten and did nothing to refute its conclusion that S.D.S. had threatened to shoot M.C. as he pointed a loaded handgun at M.C.

**{¶ 24}** We have independently reviewed the tape, which is part of the record. As stated by the juvenile court, M.C. can be heard on the tape stating, "if you were a real friend you wouldn't fight with a real f***g gun." Further, as noted by the court, a "loud mechanical sound coming from [S.D.S.'s] bedroom" is discernible on the tape, and S.D.S.'s mother can be heard telling him to put "the gun" down.

**{¶ 25}** We agree with the juvenile court that the videotape of the incident supported the testimony of M.C. and Witten, and we find nothing on the tape that causes us to question the juvenile court's conclusions. Thus, we conclude that the record does not disclose any error in the court's decisions to deny the motion to reopen and the motion for a new trial.

**{¶ 26}** The third assignment of error is overruled.

## III. Conclusion

**{¶ 27}** The judgment of the juvenile court is affirmed.

. . . . . . . . . . . . .

EPLEY, J. and HUFFMAN, J., concur.